NO. 7928

FELIX J. DREYFUS

VS

CHARLES CANCELOSI.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS

------------------

By his Honor John St. Paul.

Plaintiff issued executory process against Widow Papalia, who thereupon enjoined the execution of the writ, defendant becoming surety on the injunction bond. The injunction was dissolved, Widow Papalia appealed, and the Supreme Court affirmed the judgment (143 La 530). Thereupon plaintiff presented a certified copy of the decree to the clerk of the District Court, who endorsed thereon "Received May 29th 1918? Jos Doyle, Dy Clerk", and placed it in the file or record of the case. Plaintiff then proceeded with his writ.

Plaintiff now sues for attorney's fees and loss of interest during the time he was kept out of his money, the property having eventually been sold for much less than the amount of his calim.

1.

The defendant sets up (in effect) that the action is premature, because Widow Paplia has filed suit to annul the proceedings out of which this action grows; urging that the trial of this case should await final judment in that.

The plea is without merit. That suit was actually filed after this; but even had it been filed before, that would have made no difference, since the plaintiff cannot be made to await the result of a suit which Mrs. Paplia has so entirely under her control that she may discontinue and

280

renew the same when and as often as she pleases. Moreover

the matters set up in that suit are open to defendant here,

who has in fact set them up as part of his defense.

II.

It is urged that the proceedings in execution of plaintiff's *writ*

are all null and void; for this, that the decree of the

Supreme Court was never "recorded" in the court below,

thus leaving the injunction still in force, by reason of

the suspensive appeal taken and still undisposed of quoad

the District Court.

Article 619 C. P. requires that before the judgment of

an appellate court be executed it shall be recorded in

the inferior court. In Amet vs Boyer, 42 An 831, it was

held that this did not require that such judgment be

entered on the minutes of the inferior court, and it sufficed

that it be recorded in the book provided by Secs. 23 and

24 of Act 56 of 1855 (now Sections 474 and 475 of Rev. Stat.)

commonly called the Judicial Record. But as that statute

allows the clerk six months in which to do the physical act

of transcribing such judgment (together with the pleadings,

etc), and the presumption is that the clerk has done, or

will do, his duty in the premises (120 La 511) it follows

that the judgment must be considered "recorded" from the

time it is received by the clerk, and put into the file or

record of the case. *See also* 4 La 325; 24 An 623;

33 An 1381.

281

III.

The point is made that as plaintiff was only the holder, and not the owner, of the mortgage notes sued on, the damages (if any are due) belong to his principal and are recoverable only by the latter. This is not well founded. The notes were negotiable, and plaintiff as holder was for all purposes the owner of them. Who was the true owner was immaterial, except to meet one alleged ground for the injunction, to wit, that in the original mortgage plaintiff was both Notary and mortgagee. But the fact is that plaintiff himself incurred the attorney's fees, and was himself entitled to collect the mortgage notes some thirty months before the injunction allowed him to do so. For these damages the defendant must answer, and it is no concern of his that plaintiff will or may account to some other person having an equitable interest therein.

IV.

The objection that the principal on the injunction bond was not made a party to this suit, is without merit; defendant being a _judicial_ surety (C. C. 3066)

V.

The object of an injunction bond is "to secure the payment of such damages as may have been sustained by the defendant in case it should be decided that the injunction had been wrongfully obtained". C. P. 304. Hence when the

282

injunction is finally set aside the defendant is clearly
entitled to damages (4 La 524). And attorneys fees form
part of those damages (2 La 102; 5 La 246).

We think the attorneys fees in that case were well
worth at least $250; and 7% for two and one half years on
over $5000 due plaintiff, make some $850 more. But the
bond was for only $750 and the judgment was for that amount,
which we think is correct.

The judgment appealed from is therefore affirmed.

Judgment Affirmed.